The Judges,
after hearing the arguments for and against this motion, were of opinion, that the presiding judge was correct in his opinion on both grounds, in his charge to the jury. That there is this distinction between a defendant in custody on a mesne process, and on a capias ad satisfa-ciendum ; in the former case, where the damages are unas-certained, the jury may take all the circumstances of the case into consideration, and give less than the sum demanded ; but in the latter case, upon the capias ad satisfaciendum, the debt being ascertained on record, it becomes the deht of *397 the sheriff, and he is liable for the amount in case of an escape ; although in the former case the jury may, if they please, give the whole demand.
¶§,'j^s jjurnf. ^ Bast, s,~• 2 Dnvnf & East, 126. ;»
on the ground of the insufficiency of the gaol, were of opinion, that the testimony offered to be given to the jury, was very properly rejected by the judge ; because, if testimony of this kind was once permitted in favour of a sheriff, it would be opening a door for sheriffs and their officers, and gaolers, for making excuses without end ; for which reason the law is clear, that it is no legal excuse. S Henry Blackstone's Reports, 108. And what strengthens this doctrine on the present occasion, is, that there was one secure room, where the defendant in the original action might have been confined. they
Rule for new trial discharged.
Present, Grimke, Bay, Johnson, TRezevant and Brevard.